IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TY M. GRABITSKE and                                              ORDER
ANGELA L. GRABITSKE,
                                                          10-cv-267-bbc
                              Appellants,

              v.

BRITTINGHAM & HIXON LUMBER CO.,

                              Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On March 9, 2009, appellants Ty and Angela Grabitske filed a chapter 7 bankruptcy

petition in this district.  Appellee Brittingham & Hixon Lumber Co. was listed as a creditor

in the bankruptcy proceedings, but did not file an objection to the discharge of its claims

against appellants within the time allowed for creditors to do so.  After the case was closed,

appellee filed motions to reopen the case and file a late adversary proceeding.  The

bankruptcy court granted both motions.  Appellants filed this appeal to challenge the

bankruptcy court's decision allowing appellee to file the late adversary proceeding.

       Before considering the merits of this appeal, I must be satisfied that this court has

jurisdiction.  Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals only

"from final judgments, orders, and decrees; . . . [and] with leave of the court, from other

interlocutory orders and decrees [of the bankruptcy court]." Appellants have not asked leave of the court to file a interlocutory appeal. In addition, appellants have not explained why the bankruptcy court's order allowing appellee to file a late non-dischargeability complaint is a final order. An order of a bankruptcy court is final if "it cannot be affected by the resolution of any other issue in the proceeding, and therefore no purpose would be served by postponing the appeal to the proceeding's conclusion." In re Ross-Tousey, 549 F.3d 1148, 1152 (7th Cir. 2008). In this case, the bankruptcy court's decision allowing appellee to file an untimely adversary proceeding may be affected by the bankruptcy court's final decision with regards to the merits of appellee's complaint. Thus, it appears that the bankruptcy court decision is not a final order.

In sum, appellants have not established that this court has jurisdiction over this appeal. However, rather than dismiss the appeal outright, I will allow appellants an opportunity to explain why this appeal should be heard. If appellants are attempting to appeal an interlocutory order of the bankruptcy court, they must seek leave of the court. In addition, they should consider the standard set forth in 28 U.S.C. § 1292(b). (Because neither § 158 nor the Federal Rules of Bankruptcy Procedure discuss the standards by which a district court is to determine whether to grant leave to appeal from an interlocutory order, district courts generally look to § 1292(b), the analogous statute governing interlocutory appeals from district to circuit courts). E.g., In re Sandenhill, Inc., 304 B.R. 692, 694 (E.D.

Pa. 2004); In re Dino's, Inc., 183 B.R. 779, 781 (S.D. Ohio 1995).  Under § 1292(b), an interlocutory appeal should be heard only if the appeal concerns "a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Appellants may have until August 23, 2010 in which to supplement their brief explaining why this appeal should be heard.  If appellees wish to file a response to appellants' supplement, they may do so no later than August 30, 2010.

ORDER

IT IS ORDERED that appellants Ty Grabitske and Angela Grabitske may have until August 23, 2010 in which to supplement their brief to provide grounds for why this appeal should be heard.  Appellee may have until August 30, 2010 in which to file a response.

Entered this 13th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge